Barrett S. Litt, SBN 45527
E-mail: blitt@kmbllaw.com
David S. McLane, SBN 124952
E-mail: dmclane@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT, LLP
234 East Colorado Boulevard, Suite 230
Pasadena, California 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Jonathan H. Feinberg (admitted *pro hac vice*)
E-mail: jfeinberg@krlawphila.com
KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP
718 Arch Street, Suite 501 South
Philadelphia, Pennsylvania 19106
Telephone: (215) 925-4400
Facsimile: (215) 925-5365

*Attorneys for Plaintiffs*

EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KEITH M. STAUB (CA Bar No. 137909)
GARRETT COYLE
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7423/6167
    Facsimile: (213) 894-7819
    E-mail: keith.staub@usdoj.gov
            garrett.coyle@usdoj.gov

*Attorneys for United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **James Davis Bennett** and **Pamela Bennett**,<br><br>Plaintiffs,<br><br>– v. –<br><br>**United States of America**,<br><br>Defendant. | No. 15-cv-1923 RGK (Ex)<br><br>[Proposed] **Supplemental Protective Order**<br><br>Discovery Matter<br><br>Honorable Charles F. Eick<br>United States Magistrate Judge |

1  The Court, having read and considered the parties' joint stipulation for
2  supplemental protective order, and for the reasons stated in the joint stipulation and for
3  good cause shown,
4  **It is hereby ordered** that the United States, including its current and former
5  employees deposed in this case, may disclose (1) information about the health and
6  medical status of an inmate with tuberculosis at the Federal Correctional Institution in
7  Safford, Arizona (FCI Safford), and (2) information about the health and medical status
8  of other inmates and staff members who may have been exposed to the inmate with
9  tuberculosis at FCI Safford (hereinafter referred to as Protected Material).
10  The parties and their counsel shall use Protected Material for purposes of this case
11  only, and not for any other purpose.
12  Protected Material shall be disclosed only to:
13      a.    Counsel of record for the parties in this case;
14      b.    Plaintiffs, provided that they execute and file with the Court the
15  attached agreement to be bound by protective order in the form attached hereto as
16  Exhibit A.
17  No party shall lodge or file documents, pleadings, transcripts, or other materials in
18  this case containing or disclosing Protected Material without seeking Court approval to
19  lodge or file the Protected Material under seal under Local Rule 79-5.1.
20  At the end of this case, including any appeal, all originals and duplicates (as
21  defined by Federal Rule of Evidence 1001) of Protected Material shall be returned to the
22  United States by plaintiffs' counsel within 30 days of the termination of the case. This
23  shall not include documents filed with the Court or documents containing plaintiffs'
24  counsel's notations, which plaintiffs' counsel shall destroy within 30 days of the
25  termination of the case.
26  At the end of this case, including any appeal, plaintiffs' counsel shall certify to this
27  Court that they have irretrievably destroyed all originals and duplicates (as defined by
28  Federal Rule of Evidence 1001) of Protected Material.

1  This stipulated protective order is not intended to compromise the rights of any
2  party to object to discovery under the Federal Rules of Civil Procedure or any other
3  authority; nor is it intended to alter any burden of proof regarding any assertion of
4  privilege. This stipulated protective order permits, but does not require, the United States
5  to produce Protected Material.
6  Nothing in this stipulated protective order shall prohibit a party from seeking
7  further protection against disclosure of Protected Material.
8  Nothing in this stipulated protective order constitutes a waiver of any party's right
9  to seek a Court order permitting the future use and/or production of unredacted copies of
10 the Protected Material.
11 Nothing in this stipulated protective order constitutes a waiver of the United
12 States' right to use, disclose, or disseminate the Protected Material in accordance with
13 the Privacy Act, any applicable statutes or regulations, or Federal Bureau of Prisons
14 policies.
15 Neither the United States Department of Justice, including the Federal Bureau of
16 Prisons and the United States Attorney's Office, nor any of its officers, agents, current or
17 former employees, or attorneys, shall bear any responsibility or liability for any
18 disclosure of any Protected Material obtained by the parties under this stipulated
19 protective order, or of any information contained in Protected Material.
20
21
22
23
24
25
26
27
28

This stipulated protective order does not constitute a ruling on whether any particular document or category of information is properly discoverable or admissible and does not constitute a ruling on any potential objection. Other than the documents and information explicitly set forth herein, this stipulated protective order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this stipulated protective order shall not be precedent for adopting any procedure with respect to the disclosure of any other information.

Dated: 11/30, 2015

**Honorable Charles F. Eick**
United States Magistrate Judge

Presented by:

KAYE, McLANE,
BEDNARSKI & LITT, LLP

/s/ David S. McLane
Barrett S. Litt
David S. McLane

KAIRYS, RUDOVSKY,
MESSING & FEINBERG
LLP

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg

*Attorneys for Plaintiffs*

EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/s/ Garrett Coyle
KEITH M. STAUB
GARRETT COYLE
Assistant United States Attorneys

*Attorneys for United States of America*

3

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **James Davis Bennett** and **Pamela Bennett**,<br><br>Plaintiffs,<br><br>— v. —<br><br>**United States of America**,<br><br>Defendant. | No. 15-cv-1923 RGK (Ex)<br><br>**Agreement To Be Bound By Supplemental Protective Order**<br><br>Honorable R. Gary Klausner<br>United States District Judge |

The undersigned, having read and fully understood the terms of the supplemental protective order entered by the Court in the above-captioned case, hereby agrees to be bound thereby. The undersigned agrees that Protected Material, as defined in the joint stipulation for supplemental protective order, may be used only in this case and not for any other purpose. The undersigned agrees not to disseminate or disclose Protected Material or the contents thereof.

Dated: _____, 2015

_____
Name

_____
Signature